UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN JAIBUR,** | Civil Action No. |
| Plaintiff, | |
| v., | |
| **LVNV FUNDING, LLC,** and **PATENAUDE & FELIX, A.P.C.** | **PLAINTIFF REQUESTS JURY TRIAL** |
| Defendants. | |

## Complaint

Kevin Jaibur files this amended complaint under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against debt collectors who demanded payment from him of a debt he did not owe to them, and avers:

1. Kevin Jaibur is a citizen of the Commonwealth of Pennsylvania residing at 6125 Craig Ave., Bensalem, PA 19020.

2. Patenaude & Felix ("Patenaude") is a law firm with an office at 501 Corporate Drive, Southpointe Drive, Ste 205, Canonsburg, PA 15317. Patenaude is a law firm dedicated to debt collection. Exhibit P-1.

3. Patenaude is a debt collector within the definition of the FDCPA. Patenaude uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. Patenaude also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. LVNV Funding, LLC ("LVNV"), is a business entity with a principal address at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

5. LVNV is a debt buyer; LVNV purports to purchase defaulted debts for the purpose of collecting them. Exhibit P-2.

6. LVNV is a debt collector within the definition of the FDCPA. LVNV uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

7. LVNV is believed to file tens of thousands of collection suits annually in an effort to collect debts it claims to have acquired.

8. Federal jurisdiction over this complaint arises under 15 U.S.C. § 1692k(d) ("FDCPA"). Venue is appropriate in the Eastern District of Pennsylvania where the plaintiff resides and the acts alleged in the complaint occurred.

## Factual Allegations

9. Mr. Jaibur never borrowed money from or did business with LVNV.

10. LVNV nevertheless claimed that Mr. Jaibur owed it money based on a debt that LVNV says it acquired through a chain of assignments.

11. In reality, LVNV was not an assignee of the debt, and its representations of having acquired the debt were false.

12. LVNV and Patenaude dunned, called, and sued Mr. Jaibur for collection of the debt, falsely claiming that LVNV was the assignee of a debt that in actuality it did not own.

13. LVNV issued debt collection communications to Mr. Jaibur directly or indirectly through various debt collectors it hired such as Patenaude.

14. On or about August 4, 2020, LVNV filed a complaint against Mr. Jaibur for the debt in a Pennsylvania Magisterial District Court, *LVNV Funding LLC v. Kevin Jaibur*, No. MJ-07112-CV-0000106-2020. Exhibit P-3.

15. Mr. Jaibur denied owing the debt and hired counsel to defend the lawsuit.

16. Patenaude filed the complaint for LVNV and represented LVNV throughout the proceeding.

17. In the complaint, LVNV and Patenaude represented that LVNV had acquired a debt by assignment.

18. The representation was false. When it came time for trial, LVNV presented documentation of a chain of assignments, but the documentation was incohereant and failed to demonstrate a consistent chain of custody of a computer file alledgely containing Mr. Jaibur's account. Exhibit P-4. According to LVNV's own docmentation, the electronic file alledged to have been assigned to LVNV was dated subsequent to the date of the alleged initial assignement of the file from the original creditor to the first assignee. Exhibit P-4 at 1 & 11.

19. The case came to trial on or about November 10, 2020. The only issue was whether LVNV was an assignee of the alleged debt.

20. LVNV did not even bother prosecute the case and defend the alleged assignments, and instead consented to enter of judgment in favor of Mr. Jaibur. Exhibit P-5.

21. LVNV and Patenaude caused Mr. Jaibur to suffer damages, including the emotional distress of being dunned, threatened for payment, sued, and the expense of hiring counsel.

22. Mr. Jaibur was frightened by being sued and frightened by the possibility of a judgment being entered against him which would allow LVNV to garnish his bank account or seize his personal possessions.

## Count I

23. This count is against LVNV and Patenaude for violating the FDCPA. All of the preceding paragraphs are incorporated by reference.

24. Defendants used unfair and unconscionable means to attempt debt collection against Mr. Jaibur in violation of 15 U.S.C. § 1692f, including:

   (a). Demanding payment to LVNV from Mr. Jaibur of a debt for which he was not liable by contract or law to pay LVNV;

   (b). Demanding that Mr. Jaibur pay a debt to LVNV that he did not owe to LVNV.

25. Defendants used false, deceptive, and misleading representations or means in connection with its attempt to collect a debt from Mr. Jaibur in violation of 15 U.S.C. § 1692e, including:

(a). Falsely representing to Mr. Jaibur that LVNV was an assignee of a debt for which Mr. Jaibur was alleged to be liable, when it was not; and

(b). Demanding that Mr. Jaibur pay a debt to LVNV that he did not owe to LVNV.

26. As a direct and proximate result of these actions, Mr. Jaibur suffered damages including but not limited to the emotional distress of being dunned for collection, sued, threatened with garnishment, and the expense of having to defend himself.

WHEREFORE, Mr. Jaibur requests relief as follows:

(a). Award him actual and statutory damages;

(b). Attorney's fees and costs, and

(c). Any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com